DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Common Pleas Court judgment granting David M. Persons one hundred fourteen days of jail time credit.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED BY FAILING TO SPECIFY THE CORRECT NUMBER OF JAIL TIME CREDIT DAYS THE APPELLANT WAS ENTITLED TO BY LAW."
In his sole assignment of error, appellant argues that the trial court failed to properly calculate the number of days to which his sentence should be credited. Appellant claims that he was confined in jail from March 5, 1994 through April 22, 1994, and from September 12, 1994 through December 2, 1994. Appellant asserts that the trial court's decision that he is entitled to one hundred fourteen days of jail time credit fails to account for all of the above dates. The state agrees with appellant's position.
In view of appellant's argument and the fact that the state agrees that appellant has raised a meritorious argument with respect to the number of days to which his sentence should be credited, we hereby reverse and remand the case to the trial court for further proceedings.[1] On remand, the trial court may, recalculate appellant's jail time credit.
JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and cause remanded for further proceedings. It is further ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
HARSHA, J. KLINE, P.J., Concur in Judgment Opinion.
 _________________________________ PETER B. ABELE, Judge
[1] In State v. McComb (Jun. 25, 1999), Greene App. No. 99 CA 8, unreported, the court noted the following with respect to a trial court's duty to calculate the number of days to credit against a defendant's sentence:
"Former Crim.R. 32.2(D) provided, in pertinent part:
 * * * [I]f the defendant is committed to a penal or reformatory institution, the court shall forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence.
 This subdivision was deleted, without explanation, from the July 1, 1998 amended version of Crim.R. 32.2. Currently, the only requirement that trial courts calculate the number of days for jail-time credit is set forth in Ohio Adm. Code 5120-2-04(B), which states:
 The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term.
 Although no statute or criminal rule requires trial courts to calculate the number of days of jail-time credit, R.C. 2967.191, R.C. 2949.08(C), and R.C. 2949.12 provide for the mandatory crediting of such time. R.C. 2967.191 provides that a prison term shall be reduced `by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced,' including pre-trial confinement in lieu of bail, confinement for competency and sanity examinations, and confinement while awaiting transportation to the place for serving the prison term. R.C. 2967.191. * * *"
We note that in the trial court's two original sentencing entries, each sentence afforded appellant sixty-four days credit for a total of one hundred twenty-eight days credit.